UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH PICKETT<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 13-6556 (SDW)(MCA)<br><br>**REPORT AND RECOMMENDATION** |

**ARLEO, U.S.M.J.:**

This matter is presently before the Court on the motion of Plaintiff Kenneth Pickett ("Pickett") to remand this action to the Superior Court of New Jersey, Middlesex County. (Dkt. No. 4). Defendant Marriott International, Inc. ("Marriott") opposes remand. (Dkt. No. 6). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred the Motion to the Undersigned for Report and Recommendation. The Court has considered Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, it is respectfully recommended that Plaintiff's Motion to Remand be **DENIED.**

I.      **BACKGROUND**

This case deals with a slip and fall which resulted in Plaintiff enduring multiple surgeries as a result of his injuries. On or about October 9, 2013, Plaintiff served Defendant with the Complaint filed in the Superior Court of New Jersey, Middlesex County. The Complaint was silent as to the amount in controversy and set forth that Plaintiff was a resident of the State of

New Jersey. On October 25, 2013, during a telephone conference, Plaintiff's counsel advised Defendant's counsel that the amount in controversy was greater than $75,000. (Dkt. No. 5, at ¶ 5). Thereafter, on October 30, 2013, Defendants filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1, Notice of Removal). On November 11, 2013, Plaintiff filed a motion to remand alleging that the Notice of Removal was defective because it merely alleged Plaintiff was a resident and not a citizen of New Jersey. (Dkt. No. 4, Moving Brief). On November 13, 2013, after a conference call with Plaintiff's counsel, Defendant filed an Amended Notice of Removal, to clarify that Plaintiff was not only a resident of New Jersey but also a citizen of New Jersey at the time of the filing of the Complaint through the present. (Dkt. No. 5, Amended Notice of Removal, at ¶¶ 7-11).

On November 29, 2013, Defendant filed an opposition to Plaintiff's Motion to Remand in the form of a Certification. (Dkt. No. 6). Defendant contends that the Notice of Removal filed on October 30, 2013 was based upon the information that Defendant had at the time. Defendant alleges that the action did not become removable until October 25, 2013, when Plaintiff's counsel advised Defendant's counsel that the amount in controversy was greater than $75,000. Defendant alleges that its Amended Notice of Removal is timely and that Plaintiff's motion should be denied. Alternatively, Defendant contends that the Court should permit amendments to the Notice of Removal in the interests of fairness and due process because all requirements of diversity and amount in controversy exist. Plaintiff, on the other hand, contends that this case should be remanded because the initial pleading was removable, which made the Amended Notice of Removal untimely.

## II. DISCUSSION

In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if each plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002). A claim brought in state court may be removed to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). However, a party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)).

A removing defendant must comply with the procedural requirements set forth in 28 U.S.C. §1446(b)(1), which requires that a party file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009). A party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.13 (3d Cir. 2003) (internal citation omitted). After this 30-day window expires, courts distinguish between amendments that seek to add jurisdictional information and those that seek to add procedural information. Dragani v. Genesse Valley Investors, LLC, No. 11-1193, 2011 U.S. Dist. LEXIS 66666, at *14-15 (D.N.J. June 6, 2011) (citing Pinnacle Choice, Inc. v. Silverstein, No. 07-5857,

2008 U.S. Dist. LEXIS 36786 (D.N.J. May 6, 2008)). In cases predicated on diversity, allegations pertaining to citizenship are jurisdictional in nature. See, e.g., Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1979). Jurisdictional amendments are permitted only to the extent that they clarify or correct allegations already contained in the original notice. USX Corp., 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653)[1]; see also Ellerbee v. Union Zinc, 881 F. Supp. 162, 165-65 (E.D. Pa. 1995) (allowing amendment to cure technical pleading deficiencies); 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733, at 358-61 (3d ed. 1998) ("Amendment of the removal notice may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.") (footnote omitted)); but see Fenza's Auto, Inc. v. Montagnaro's, Inc., No. 10-3336, 2011 U.S. Dist. LEXIS 29696, at *31 (D.N.J. Mar. 21, 2011) ("[A]mendments to remedy a 'substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction, are not permitted."). Thus, an imperfect or defective allegation can be amended outside the thirty-day period for removal, but a missing or completely new jurisdictional allegation may not be added by amendment after the thirty-day period has expired. Miller v. Principal Life Ins. Co., 189 F. Supp. 2d 254, 258 (E.D. Pa. 2002) (holding that amended notice of removal is permitted where amendment simply corrects technical omission).

---

[1] In USX Corp. v. Adriatic Ins. Co., the Third Circuit also explained that "[t]he Supreme Court has upheld removal where jurisdictional facts required to support removal were found in later-filed affidavits rather than in the notice of removal." 345 F.3d at 206 n.12 (citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969)). In addition, "[o]ther courts more recently have allowed consideration of facts contained in later-filed affidavits, treating those facts as an amendment of the notice of removal under section 1653." Id. (internal citations omitted). Thus, "although we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand, see BogerBoyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), we are satisfied that sections 1446(a) and 1653, together with the Supreme Court's opinion in Willingham, permit a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where, as here, those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice." Id.

In this case, the Complaint was served on October 9, 2013. On October 30, 2013, within thirty days of receiving the Complaint, Defendant filed its initial Notice of Removal based on diversity jurisdiction. (Dkt. No. 1). Defendant originally asserted that Plaintiff is a <u>resident</u> of New Jersey. (Dkt. No 1, at ¶ 6) (emphasis added). However, "[t]o properly invoke diversity jurisdiction, plaintiff must allege and prove citizenship, not residency." <u>Smith v. Kroesen</u>, No. 10-5723, 2013 U.S. Dist. LEXIS 167619, at *4-5 (D.N.J. Nov. 26, 2013) (citing <u>Tanzymore v. Bethlehem Steel Corp.</u>, 457 F.2d 1320, 1324 n.5 (3d Cir. 1972)); <u>Witasick v. Hambrecht</u>, No. 12-3755, 2013 U.S. Dist. LEXIS 41209, at *6-7 (D.N.J. Mar. 25, 2013) ("Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship."). On November 9, 2013, Plaintiff moved to remand this action alleging that Defendant's initial Notice of Removal was deficient in that it failed to adequately allege that diversity of citizenship existed. (Dkt. No 4-1).

On November 13, 2013, Defendant filed an Amended Notice of Removal clarifying that Plaintiff is not only a resident of New Jersey but was also a citizen of New Jersey for the purposes of diversity at the time the Complaint was filed through the present time. (Dkt. No. 5, at ¶ 7). On November 29, 2013, Defendant filed an opposition to Plaintiff's motion to remand, whereby Defendant's counsel, Timothy E. Shanley, Esq., certified that on November 11, 2013, he confirmed with Plaintiff's counsel that Plaintiff was in fact a citizen of New Jersey. (Dkt. No. 6, Certification of Timothy E. Shanley, Esq. ("Shanley Cert."), at ¶ 9).

As previously discussed, a party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action. <u>USX Corp. v</u>, 345 F.3d at 205 n.13 (3d Cir. 2003) (citing <u>Shaw</u>, 994 F.2d at 368)). However, here, neither the Amended Notice of Removal, nor counsel's Certification filed in opposition to remand was filed within the thirty-day

5

time period required by § 1446(b). After the thirty-day period has passed, a jurisdictional amendment, such as allegations pertaining to citizenship, will be permitted only to the extent that it clarifies or corrects an allegation already contained in the original notice. USX Corp., 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653).

The initial Notice of Removal clearly states that Defendant was seeking removal on the basis of diversity of citizenship. Although the initial notice of removal contained a defective allegation that diversity of citizenship existed, Defendant's amended notice of removal successfully cured that technical defect by clarifying that Plaintiff was not only a resident of New Jersey but also a citizen of New Jersey. In doing so, Defendant did not add a new jurisdictional allegation. Defendant's amendment seeks only to allege more specifically the Plaintiff's citizenship, not to set forth a new ground for federal jurisdiction that was missing in the original petition. Notably, Plaintiff does not contest that diversity exists; rather he argues that it was merely pled improperly. Accordingly, the Court finds that the defects with Defendant's allegations were technical in nature and thus were cured by amendment. See Gargiulo v. Dessauer, No. 04-1206, 2004 U.S. Dist. LEXIS 7964, at *7-8 (E.D. Pa. May 5, 2004) (citing Hunt v. Acromed Corp., 961 F.2d 1079, 1080, 1082 (3d Cir. 1992)); Camacho v. Cove Trader, Inc., 612 F. Supp. 1190, 1192-93 (E.D. Pa. 1985) (permitting amendment where residency alleged instead of citizenship and diversity of citizenship was not contested). The Court accepts Defendant's amendment, and finds that diversity jurisdiction exists in this case.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiffs' Motion to Remand be **DENIED**.

Dated: March ___, 2014

MADELINE COX ARLEO
United States Magistrate Judge

cc: Clerk
Hon. Susan D. Wigenton
All Parties
File