IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH PICKETT,

    Plaintiff,

v.                            Case No. TJS-15-1083

MARRIOTT INTERNATIONAL, INC.,
*et al.*

    Defendants.

## MEMORANDUM OPINION

Plaintiff Kenneth Pickett ("Mr. Pickett") brought this negligence action against Marriott International, Inc., Springhill Lake Hotel Limited Partnership, Marriott's Greenbelt Hotel Services, Inc. ("Marriott Defendants") and The Brickman Group, LTD., LLC ("Brickman") (collectively, "Defendants"). (ECF No. 56.) He seeks damages for injuries he sustained after falling in a grassy area adjacent to a parking lot at the Greenbelt Marriott Hotel ("Hotel") in the early morning hours of June 24, 2012. On October 31, 2016, with the consent of the parties, Judge Theodore D. Chuang referred this case to me for all proceedings pursuant to 28 U.S.C. § 636(c). (ECF No. 102.) Defendants' Motion for Summary Judgment ("Motion") (ECF No. 109) is now pending before the Court. Having considered the submissions of the parties (ECF Nos. 109 & 112), I find that no hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, I will deny the Motion.

I.    **BACKGROUND**

The facts contained in this section have been construed in the light most favorable to Mr. Pickett as the nonmoving party. On the afternoon of June 23, 2012, Mr. Pickett drove his motorcycle from his home in New Jersey to the Hotel. In the evening, Mr. Pickett and a friend

left the Hotel to attend a motorcycle club social event at a catering hall. Upon returning to the Hotel, Mr. Pickett (still accompanied by his friend, who was a registered guest at the hotel) was directed by a security guard to park his motorcycle in a barricaded parking area set up by the Hotel to accommodate the large number of motorcycles parked at the Hotel that weekend. (ECF No. 112-2 at 9-12.) Because of the barricades surrounding the parking lot, Mr. Pickett walked through a grassy area surrounding the parking lot to get to the entrance of the Hotel. (ECF No. 112-2 at 11.) Mr. Pickett's friend also proceeded across the grassy area towards the Hotel, and did so without incident. As Mr. Pickett walked on the grass towards the Hotel, however, he stepped into a hole located between the curb and grass. The hole was approximately two feet deep. (ECF No. 112-5 at 4.) Mr. Pickett's leg sunk into the hole up to the middle of his shin. (ECF No. 112-2 at 13.) According to Mr. Pickett, the hole was covered by long blades of grass, but there was no soil underneath the grass blades. (ECF No. 112-3 at 15.) As a result of stepping into the hole, Mr. Pickett fell and sustained injuries. Mr. Pickett alleges that the Marriott Defendants (the owners and operating entities of the Hotel) and Brickman (a company that performed landscaping services for the Hotel during the relevant time) breached their respective duties to protect him from the dangerous condition created by the hole. Specifically, he states that the Defendants failed to "either fill in the hole that was merely covered by grass as to camouflage it or to put up signs in the proper areas stating that the ground/grassy area were dangerous and that any walking in that area should be done with caution." (ECF No. 56 ¶ 13.)

## II. STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine

dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. ANALYSIS

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."[1] *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted).

Under Maryland law, "[a]n occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."[2] *Henley v. Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a

---

[1] A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs Mr. Pickett's negligence claim.

[2] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for

landowner possesses a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, L.L.C.*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997). A landowner is not, however, an insurer of an invitee's safety while on its property. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965). And "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). Instead, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed" that "was gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation marks omitted). A defendant has constructive notice of a hazardous condition where he "could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it."[3] *Rawls*, 207 Md. at 120.

---

purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972). The parties do not dispute Mr. Pickett's status as an invitee.

[3] "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to

4

### A. Discussion

Defendants argue that they are entitled to summary judgment because there is no evidence that any of the Defendants had actual or constructive notice of the hole that Mr. Pickett stepped into. (ECF No. 109-1 at 4-9.) Without evidence of notice of the dangerous condition, Defendants argue that no reasonable jury could find that they breached any duty owed to Mr. Pickett. (*Id.*) Defendants contend that "[n]o witnesses testified as to the condition of the subject sod/curb prior to Mr. Pickett's injury, the duration of the aforesaid unknown condition, or Defendants' actual or constructive notice the condition." (ECF No. 109-1 at 6.) Defendants suggest that Mr. Pickett's own deposition testimony proves that the hole was not readily discoverable through a visual inspection.[4] The Defendants also argue that the evidence demonstrates that the Marriott Defendants inspect the hotel property, including the parking lot areas, multiple times each day pursuant to a Hotel policy. But the hole was not discovered during any of the inspections. (ECF No. 109-1 at 2, 6-7.) And there is no evidence of any other individuals falling in any hole before or during the time period when Mr. Pickett fell. (ECF No. 109-2 at 5-6.)

In his Response, Mr. Pickett contends that Defendants either created the dangerous condition or possessed actual knowledge that it existed. (ECF No. 112 at 20.) According to his argument, a reasonable jury could draw an inference that Defendants themselves were responsible for the creation of the dangerous condition. This is because the hole was on the Marriott Defendants' property (to which Brickman had regular access), no trespassers had been observed in the vicinity during the relevant time frame, and only Defendants' employees would

---

exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593.

[4] Mr. Pickett testified that "[t]he hole was covered by grass. It was grass over the hole." (ECF No. 109-4 at 7.)

have been permitted to create a hole in the grass adjacent to the parking lot. (*Id.* at 20-21.) Alternatively, Mr. Pickett argues that the Defendants possessed constructive knowledge of the hole as "the grass had grown so long that it had covered the hole where the Plaintiff fell." (ECF No. 112 at 21.) Mr. Pickett suggests that this "generates a jury question as to whether the Defendants had used ordinary care in taking care of the property . . . prior to the accident occurring." (ECF No. 112 at 22.)

As the Plaintiff, Mr. Pickett has the burden of producing evidence that the Defendants either created the dangerous condition that caused his fall, or that they had actual or constructive knowledge that it existed. Mr. Pickett has produced evidence that a dangerous condition existed in the grassy area on June 24, 2012. (ECF Nos. 112-2 at 11-13, 112-4 at 1-8, and 112-5 at 4.) Construed in the light most favorable to him, this evidence would allow a reasonable jury to find that the hole that Mr. Pickett alleges existed on the day in question was the cause of his injuries.[5]

The next question is whether a reasonable jury could find that the Defendants had actual or constructive knowledge of the dangerous condition. "[T]he landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered." *Pahanish v. Western Trails, Inc.*, 69 Md. App. 342, 355 (1986). The evidence is undisputed that the Marriott Defendants set up and managed the barricaded motorcycle parking area at the Hotel, where Mr. Pickett was directed to park. Having parked in the barricaded area, Mr. Pickett walked across the grassy area to reach the entrance of the Hotel. Although there is evidence that the Marriott Defendants routinely inspect the entire Hotel

---

[5] Because I find that a reasonable jury could find that the Defendants had constructive notice of the dangerous condition, I need not decide whether the evidence is also sufficient to support a finding that the Defendants created the dangerous condition.

property (including the parking lots) multiple times a day, there is no evidence that the barricaded motorcycle parking area was inspected by the Hotel. (ECF Nos. 112 at 7 & 112-3 at 20.) There is also no evidence that the grassy area between the barricaded motorcycle parking area and the entrance to the Hotel was inspected for dangerous conditions, such as a hole in the ground. As such, there is a genuine dispute of material fact as to whether, with reasonable care, the Defendants could have discovered the dangerous condition created by the presence of a two-foot deep hole in a grassy area situated between the parking lot and the entrance to the Hotel. A reasonable jury could find that the Defendants had constructive notice of the hole in the grassy area, as it was located on the walking route to the Hotel necessitated by the motorcycle parking barricades. Whether the Defendants had sufficient time to inspect and remove any dangerous conditions or warn guests about the condition is a question for the jury. In the light most favorable to Mr. Pickett, the evidence is sufficient to allow a reasonable jury to find in his favor on this issue.[6]

In summary, the evidence is sufficient to permit a reasonable jury to conclude that the Defendants breached their duties to Mr. Pickett on June 24, 2012. At this stage of the proceedings, it is not appropriate for me to replace the role of the jury and resolve disputed factual issues. Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Accordingly, the Defendants are not entitled to judgment as a matter of law.

---

[6] In determining the reasonableness of the Defendants' inspection, a jury might consider the degree to which Defendants were under a duty to inspect the grass around the perimeter of the barricaded motorcycle parking area. Having set up the barricades, a reasonable jury might find that the Defendants had a duty inspect the egress routes to the entrance of the Hotel, one of which went across the grassy area where Mr. Pickett fell. (*See* 112-2 at 11.)

**B.     Spoliation**

Plaintiff asserts that Brickman failed to preserve evidence relevant to this case and that its failure warrants sanctions for spoliation.[7] (ECF No. 112 at 22-25.) Spoliation is the "destruction or material alteration of evidence . . . or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (internal citations omitted). Sanctions are not warranted in all instances of spoliation. In order to prove that spoliation warrants a sanction, a party must show that:

> (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

*Charter Oak Fire Ins. Co. v. Marlow Liquors, LLC*, 908 F. Supp. 2d 673, 678 (D. Md. 2012) (internal citations, quotation marks, and brackets omitted); *see also Sampson v. City of Cambridge, Md.*, 251 F.R.D. 172, 179 (D. Md. 2008) ("This standard applies when a party is seeking any form of sanctions for spoliation, not just an adverse inference jury instruction").

Here, even assuming that Brickman had a duty to preserve evidence and that it destroyed evidence that was relevant to this case, Mr. Pickett fails to show that Brickman acted with a culpable state of mind. The culpable state of mind required for a finding of spoliation requires "the alleged destroyer [to] have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or

---

[7] Mr. Pickett's request for spoliation sanctions is raised for the first time in his response to Defendants' Motion. (ECF No. 112 at 22-25.) Because Defendants did not file a reply, the Court is not aware of Defendants' position on this issue.

destruction." *First Mariner Bank v. Resolution Law Grp., P.C.*, No. MJG-12-1133, 2014 WL 1652550, at *9 (D. Md. Apr. 22, 2014) (quoting *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013)). Mr. Pickett does not make a sufficient showing that Brickman knew that its personnel records would be relevant to this case or that Brickman willfully destroyed the records. Because Mr. Pickett cannot show that Brickman lost or destroyed relevant evidence with a culpable state of mind, sanctions for spoliation are not warranted.

## IV. CONCLUSION

For the reasons set forth, Defendants' Motion for Summary Judgment (ECF No. 109) is **DENIED**.

June 22, 2017  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge